EPHRAIM BRAGDON vs. INHABITANTS of FREEDOM.

Waldo. Opinion March 31, 1892.

*Taxes. Recoupment. Penalty. Limitation. R. S., c. 6, § 146; c. 81, § 94; c. 82, § 17.*

The penalty imposed by R. S., c. 6, § 146, cannot be interposed by way of recoupment in defense to an action, by a collector of taxes to recover of the town his agreed compensation for collecting the town's taxes.

Money voluntarily paid with a full knowledge of all the facts cannot be recovered back.

ON REPORT.

The facts are stated in the opinion.

*W. H. Fogler*, for plaintiff.

*J. Williamson*, for defendant.

Recoupment: *Claflin* v. *Cheney*, 4 Pick. 118; *Adams* v. *Moulton*, 7 Pick. 287; *White* v. *Chapman*, 1 Stark, 113; *Fletcher* v. *Dycke*, 2 T. R. 32; *Day* v. *Frank*, 127 Mass. 497; *Van Epps* v. *Harrison*, 40 Am. Dec. 328, note; *Roberge* v. *Burnham*, 124 Mass. 277; *Duckworth* v. *Alison*, 1 Ex. 412; *Sanger* v. *Fincher*, 27 Ills. 346; *Bunyan* v. *Nichols*, 11 Johns. 609; *Reab* v. *McAlister*, 8 Wend. 109; *Batterman* v. *Pierce*, 3 Hill, 177; *Austin* v. *Foster*, 9 Pick. 341; *Dodge* v. *Tileston*, 12 Pick. 328; *Harrington* v. *Stratton*, 22 Pick. 510; *Sawyer* v. *Wiswell*, 9 Allen, 39; *Miller* v. *Mariners' Church*, 7 Maine,

51; *Lufburrow* v. *Henderson*, 30 Ga. 482; *Stow* v. *Yarwood*, 14 Ills. 424; Wat. Set-Off. § § 464, 543, 588. Plaintiff being insolvent, judgment should be stayed until defendants can procure judgment for forfeiture to set off against this claim. *O'Connor* v. *Varney*, 10 Gray, 231; *Chapman* v. *Derby*, 2 Vernon, 117.

HASKELL, J. By special contract, the plaintiff engaged to collect defendant's taxes for 1888, at a stipulated compensation. The taxes were committed to plaintiff July 1st. He collected the entire tax, tardily perhaps, and paid the last installment to the town treasurer July 1, 1890. He was required to pay, and did pay, in addition to the taxes collected, seventeen dollars and forty-three cents, " to reimburse the town for withholding the money not seasonably paid in." It may have been for items of interest equitably chargeable to the plaintiff. His stipulated compensation became due, and was demanded and refused, prior to this suit to recover the same and the over-payment of seventeen dollars and forty-three cents. That item, however, the plaintiff voluntarily paid with a full knowledge of all the facts, and it cannot be recovered back. *Jenks* v. *Mathews*, 31 Maine, 318; *Norris* v. *Blethen*, 19 Maine, 348; *Norton* v. *Marden*, 15 Maine, 45. The plaintiff is entitled, therefore, to judgment, for his compensation only.

But it is contended that defendants may recoup, against the plaintiff's claim, certain forfeitures that accrued to the town under R. S., c. 6, § 146. " Every collector of taxes shall once in two months at least exhibit to the municipal officers, or where there are none, to the assessors of his town, a just and true account of all moneys received as taxes committed to him, and produce the treasurer's receipt for money by him paid; and for neglect, he forfeits to the town two and one half per cent of the sums committed to him to collect."

The first part of the statute imposes a public duty upon all collectors of taxes. The last part inflicts a penality for violation of that duty, that accrues primarily to the particular town, but not exclusively; for R. S., c. 81, § 94, limits suits for penalties or forfeitures under a penal statute in behalf of the person

"to whom the penalty is given in whole or in part," to one year; but provides that "if no person so prosecutes, it may be recovered by suit, indictment, or information, in the name and for the use of the State," within two years.

These statutes, taken together, show that the defendant might recover the penalty by action of debt, authorized by R. S., c. 82, § 17, within one year, or it would then accrue to the State. Defendants' particular remedy is named by statute, and then is only at their disposal for one half the time before it becomes barred altogether. No statute authorizes the defendants to enforce the forfeiture here set up in any other way than by action of debt, brought within a year. Had the plaintiff paid the forfeiture without suit, or authorized the amount of it to be charged against the compensation due him, it would then have operated as payment, and the plaintiff could not repudiate it; the plaintiff's compensation became due, and the defendants seek to cancel it by a forfeiture that he resists,— a forfeiture that they can only enforce in the statute method, and within the statute period. There is neither reason nor authority for allowing the defense here set up. The numerous cases cited fall far short of sustaining it; and the rules of law forbid it. *Fletcher* v. *Harmon*, 78 Maine, 465; *Bank* v. *Jackson*, 67 Maine, 570.

The defendants ask that, if their defense be not sustained, the case be held until they recover a judgment for the forfeiture, that may be set off against the judgment in the case; but we think substantial justice does not require such action. The plaintiff collected and paid over the entire tax committed to him for collection. He may have not done his work swiftly; but he did it honestly, and the record fails to show any good reason for enforcing a penalty, larger than his entire compensation, given by a severe statute, that is not generally observed, and which in this case, would seem to work a punishment, more than is deserved.

*Defendants defaulted for $108.22 and interest.*

PETERS, C. J., WALTON, VIRGIN, EMERY and FOSTER, JJ., concurred.